[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #106 AND #110
On December 20, 2000, the plaintiff, Karendale Waskewicz, filed a complaint against the defendants, Jay I. Black; Praireland, Inc.; Praireland Holding Co., LLC; DRB/I LLP; and Jay I. Black, Revocable CT Page 5741-dc Trust. The complaint seeks money damages. It also seeks to set aside what the plaintiff alleges were fraudulent conveyances made by the defendant, Jay I. Black, the transferor, to the defendants Praireland, Inc.; Praireland Holding Co., LLC; DRB/I LLP; and Jay I. Black Revocable Trust, the transferees (transferee defendants).
On January 24, 2001, the transferee defendants filed a motion to dismiss on the ground of insufficiency of process because the writ of summons lacks a return date and fails to set forth the court to which the matter is returnable. The writ recites that it is returnable to the housing session at Milford; the transferee defendants assert that there is no such court. One of the transferee defendants, DRB/I LLP, also moves on the additional ground of insufficiency of service of process because the person who was purportedly served with process on behalf of DRB/I LLP was not a person authorized to receive service of process on behalf of that entity.
Black also filed a motion to dismiss on that date. He moves on the ground of insufficiency of process for the same reasons that the transferee defendants do, which are that the writ of summons does not contain a return date and does not properly set forth the court to which the matter is returnable.
The court scheduled the motion to be argued at the foreclosure calendar to be held on February 12, 2001. The plaintiff was not present for oral argument. In addition, the plaintiff has failed to file a memorandum of law in opposition to either of the defendants' motions as required by Practice Book § 10-31(b)
"Any defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ." Practice Book § 10-30. "The motion to dismiss shall be used to assert . . . (4) insufficiency of process, and (5) insufficiency of service of process. . . ." Practice Book § 10-31
(a). "Any adverse party who objects to this motion shall, at least five days before the motion is to be considered on the short calendar, file and serve . . . a memorandum of law. . . ." Practice Book § 10-31
(b).
The plaintiff's failure to comply "with the five day filing requirement of § 10-31 (b) no longer mandates that the court grant the defendants' motion to dismiss. It is within the court's discretion to decide whether it will waive the untimely filing of a memorandum in opposition to such a motion. In Linhle v. Connecticut Dept. ofCT Page 5741-ddTransportation, Superior Court, judicial district of New Britain at New Britain, Docket No. 491121 (August 10, 1999, Robinson, J.) the court exercised its discretion to address the motion on the merits despite plaintiff's failure to file an opposing memorandum. In Soiltesting, Inc.v. Berner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 039897 (November 4, 1992, McGrath, J.) (7 Conn. L. Rptr. 553-54) the court granted a motion to dismiss where plaintiff filed its memorandum two days late, because the plaintiff failed to provide an explanation for the late filing and failed to show that the filing substantially complied with the five day rule.
In this case, the plaintiff has not merely filed an untimely memorandum, but in fact has not filed a memorandum at all. In light of the fact that the plaintiff did not file a memorandum in opposition pursuant to Practice Book § 10-31(b) and did not request to be heard on the motion at oral argument, the court finds that the plaintiff does not object to the defendants' motions. Gavalis v. Wheeler, Superior Court, judicial district of Hartford at Hartford, Docket No. 584866 (January 13, 1999, Fineberg, J.) (motion to dismiss granted where plaintiff did not object by filing a memorandum in opposition); Kulas v.Stodolski, Superior Court, judicial district of New Britain at New Britain, Docket No. 483415 (October 22, 1998, Gaffney, J.) (court interpreted plaintiff's inaction in not filing memorandum or requesting oral argument as tacit consent to granting of motion). The defendants' motions to dismiss is granted.
The Court
By Curran, J.